**FILED**

JUN - 2 2015

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony C. Kenney, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-00813 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 6/2/2015 |
| ) | Description: Pro Se Gen. Civil (F Deck) |
| SRT INC et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Tulsa, Oklahoma. The first page of the "Civil Complaint" lists the defendant as a business in North Texarkana, Arkansas, but subsequent pages captioned "Memorandum" suggest that plaintiff is suing other entities. Regardless, the complaint does not state any facts to come within the court's federal question jurisdiction, and no amount in controversy is pled to establish diversity jurisdiction.

1



3

Moreover, to the extent that plaintiff is seeking to "appeal" decisions of the U.S. Court of Appeals for the Tenth Circuit and the U.S. District Court for the Northern District of Oklahoma, Compl. Caption, this Court lacks jurisdiction to review such decisions. *See Panko v. Rodak*, 606 F.2d 168, 171 n.6 (7th Cir. 1979), *cert. denied*, 444 U.S. 1081 (1980) ("It seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C.1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) ("By filing a complaint in this Court against federal judges who have done nothing more than their duty . . . Fleming has instituted a meritless action.") (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). Hence, this case will be dismissed.

DATE: May ___, 2015

_____
United States District Judge